(8 Misc. Rep. 328.)

## MUENCH v. GLOBE FIRE INS. CO.

(Common Pleas of New York City and County, General Term. May 7, 1894.)

CONTRACTS—JOINT OR SEVERAL.

Where several insurance companies employ an appraiser to represent their interests in an appraisement the employment will be presumed to be joint, and a payment of the appraiser's compensation by one of the companies inures to the benefit of all.

Appeal from first district court.

Action by Ludwig T. Muench against the Globe Fire Insurance Company. A judgment was rendered by the justice without a jury in favor of defendant, and plaintiff appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Wm. McArthur (D. Newburger, of counsel), for appellant.
Cardozo & Nathan, for respondent.

GIEGERICH, J. This action was brought by the plaintiff to recover from the defendant the sum of $24.35, claimed to be its proportionate share of $2,500, the alleged value of services rendered by the plaintiff to the defendant and other companies in the capacity of appraiser. The answer was a general denial, denial of the value of the services, neglect and improper conduct of the plaintiff in his duties, and payment. The undisputed facts appearing from the evidence are that a fire occurred in the establishment of one Henry Siede, a furrier; that he made a claim against the defendant and other fire insurance companies for loss by fire; that, being unable to agree upon the amount of loss, an agreement was made to submit the matters in difference to appraisers, one to be appointed by the insured and one by the companies, the two so appointed to name an umpire; that one John Howley, who was chairman of the committee of adjusters, and who was acting on behalf of all the companies, selected the plaintiff to act as their appraiser; that no agreement as to the amount of his compensation was made; and that the plaintiff was engaged in the work about 12 days. At the trial there was a sharp conflict of evidence as to the value of the service rendered by the plaintiff. The justice evidently adopted the defendant's valuation, and we see no reason for disturbing his finding simply because there is a conflict of evidence, in the absence of the elements justifying a review of the facts. Lynes v. Hickey, 4 Misc. Rep. 522, 24 N. Y. Supp. 731; Weiss v. Strauss (Com. Pl. N. Y.) 14 N. Y. Supp. 776. The parties litigant, by stipulation in writing, agreed that the amounts actually

paid to the, plaintiff by the several insurance companies aggregated $688.31. The justice, in rendering judgment in favor of the defendant, expressed the opinion "that the plaintiff has been fully paid for all services rendered under the joint agreement by the several insurance companies." The plaintiff contends that the agreement under which the services were rendered was and is several, and not joint. The authorities, however, do not favor this contention. "Whenever an obligation is undertaken by two or more, or a right given to two or more, it is the general presumption of law that it is a joint obligation or right. Words of joinder are not necessary for this purpose; but, on the other hand, there should be words of severance, in order to produce a several responsibility or a several right." 1 Pars. Cont. (4th Ed.) p. 11. "It may be doubted," observes the learned writer, "whether anything less than express words can raise a liability which shall be at once a joint and a several liability." Id. p. 12. Again, at page 14, he states what is undoubtedly the law of the case, in the following language:

"In general, all contracts, whether express or implied, and resulting from the operation or construction of law, are joint where the interest in them of the parties for whose benefit they are created is joint, and separate where that interest is separate. But the interest which is thus important as a criterion is an interest in the contract, and not in any sum of money or other benefit to be received from it. It is a strictly legal and technical interest, created by the contract, and does not depend upon the condition or state of the parties, aside from the contract."

Addison says:

"If there be a joint retainer and employment of another by divers persons to do one thing for the benefit of all, they have a joint legal interest in the fulfillment of the contract by the party employed, although they may have several beneficial interests, and be possessed of separate shares, in the subject-matter of the contract. But if there be a separate retainer by each, in respect of the separate share of each, then they have separate interests in the fulfillment of the contract." Add. Cont. (Am. Ed. 1888) p. 74.

"In implied contracts and promises, if the consideration moves from several persons jointly, the law raises a corresponding implied promise in favor of all, in which all are jointly interested; but, if there be several separate considerations moving from the parties separately and individually, the law implies a separate promise in favor of each, and their interests are separate." Id. p. 76.

"When there are a number of persons named as contractors, they will be deemed joint contractors, unless it is otherwise expressed in the contract." Cow. Treat, § 752. The record is barren of any evidence of an agreement creating a separate charge. The obligation of the insurance companies to pay the plaintiff must therefore be presumed to be joint. It follows that the partial payments made by the several companies to the plaintiff are available to .the defendant (Snow v. Chandler, 34 Am. Dec. 140), and, as the justice had found that these partial payments amounted in the aggregate to a sum which fully paid the plaintiff for all the services rendered by him, the plea of payment was satisfactorily established. No error appearing in the record, the judgment should be affirmed, with costs.